Dylan Pollard, Esq., SBN 180306
Matt C. Bailey, Esq. SBN 218685
Roxanna Tabatabaeepour, Esq., SBN 260187
POLLARD | BAILEY
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: (310) 854-7650
Facsimile:  (310) 492-9934

*Attorneys for Plaintiff,*
*David Kinney*

SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
560 Mission Street, 31st Floor
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Timothy B. Nelson (SBN 235279)
400 Capitol Mall, Suite 2350
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

*Attorneys for Defendants, Holiday AL Management Sub LLC*
*dba Holiday Retirement (sued erroneously as Harvest AL Management Sub LLC),*
*Harvest Management Sub LLC dba Holiday Retirement, and*
*Harvest Management Sub TRS Corp.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KINNEY, on behalf of himself and all others similarly situated, the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>HARVEST AL MANAGEMENT SUB LLC, a Delaware Limited Liability Company d/b/a Holiday Retirement, HARVEST MANAGEMENT SUB LLC, a Delaware Limited Liability Company d/b/a Holiday Retirement, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:12-CV-02716-TLN-CKD<br><br>**ORDER APPROVING SETTLEMENT OF CLAIMS BROUGHT PURSUANT TO THE *PRIVATE ATTORNEY GENERAL'S ACT OF 2004* AND DISMISSAL WITH PREJUDICE**<br><br><u>**MODIFIED FROM ORIGINAL VERSION**</u> |

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**

1   WHEREAS Plaintiff's Motion for an *Order Approving Settlement Of Claims Brought*
2   *Pursuant To The Private Attorney General's Act Of 2004 And Dismissal With Prejudice*
3   (hereinafter "the Order") came before this Court, and was submitted on the papers on August 30,
4   2013.
5   WHEREAS Plaintiff filed the instant Lawsuit against Defendants on behalf of the State
6   of California, pursuant to the Private Attorney General's Act of 2004 (*Cal. Labor Code §2698 et.*
7   *seq.*, hereafter "PAGA"), subsequent to giving written Notice to Defendants and the Labor and
8   Workforce Development Agency ("LWDA") as required by California Labor Code § 2699.3;
9   WHEREAS the operative Complaint in the Lawsuit contains a single claim for relief
10  under the PAGA based on an alleged violation of *California Labor Code § 204*, and seeks to
11  recover civil penalties under *California Labor Code § 210* for such alleged violations sustained
12  by all current and/or former non-exempt employees of Defendants within the State of California;
13  WHEREAS Defendants have denied and continue to deny all allegations by Plaintiff in
14  the Lawsuit;
15  WHEREAS the Parties desire to settle the Lawsuit solely for the purpose of avoiding
16  the burden, time, expense and uncertainty of continuing litigation, and for the purpose of
17  putting to rest the controversies engendered by the Lawsuit;
18  WHEREAS *California Labor Code § 2699*, *subpart l*, states that the "court shall review
19  and approve any penalties sought as part of a proposed settlement agreement pursuant to this
20  part";
21  WHEREAS the Court has reviewed and considered **(1)** the proposed Stipulation of
22  Settlement and Release, attached hereto as **Exhibit 1** (hereafter the "Settlement Agreement"), **(2)**
23  the Motion for Approval of PAGA Settlement (and the points and authorities submitted
24  therewith), and **(3)** the Motion for Approval of Plaintiff's Counsel's Attorneys' Fees, Costs and
25  Enhancement Payment to Plaintiff (and the points and authorities submitted therewith);
26  Based thereon, the Court HEREBY MAKES THE FOLLOWING FINDINGS:
27  1.   That all terms used herein shall have the same meaning as defined in the
28  Settlement Agreement.

1   2.   That this Court has jurisdiction over the subject matter of the Lawsuit and over all
2   Parties to the Lawsuit.
3   3.   That the Settlement was entered into in good faith, that the Settlement is fair,
4   reasonable and adequate under the circumstances, and that Plaintiff, by and through his Counsel,
5   has satisfied the standards and applicable requirements for approval of a settlement of a claim
6   brought under the PAGA (Cal. Labor Code §2698 et. seq.).
7   GOOD CAUSE APPEARING, it is HEREBY ORDERED THAT:
8   1.   The terms of the Settlement Agreement are fair, adequate and reasonable, and
9   therefore, are given approval by the Court.
10   2.   Compensation to the LWDA and the Aggrieved Employees shall be effected
11   pursuant to the terms of the Settlement Agreement.
12   3.   In recognition of the Plaintiff's efforts, and having provided a more broad general
13   release of claims in the Settlement, the Court hereby approves the payment of an enhancement
14   award in the amount of $3,000, which shall be effected in the manner set forth in the Settlement
15   Agreement.
16   4.   The Court hereby approves the payment of attorneys' fees to Plaintiff's Counsel
17   in the sum of $218,750, and actual costs incurred, not to exceed $7,000, to be effected in the
18   manner set forth in the Settlement Agreement.
19   5.   The Court also hereby approves and orders payment in the amount of not more
20   than $7,370 to Dahl Administration for performance of its Settlement administration services
21   6.   Except as provided in the parties' settlement agreement, no less than $638,880,
22   will be allocated to the LWDA and to the Aggrieved Employees (allocated in the amount of
23   $479,160 to the LWDA, and $159,720 to Aggrieved Employees).
24   7.   Upon entry of this Order, all of the claims in the Lawsuit shall be and are hereby
25   dismissed with prejudice.  Moreover, the LWDA and each and every Aggrieved Employee,
26   including Plaintiff, shall be deemed and hereby are deemed to have conclusively released and
27   forever discharged the Released Parties for any and all Released Claims, as defined in the
28   Settlement Agreement, and are hereby permanently barred and enjoined from the institution or

2

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**

1 prosecution of any and all Released Claims against the Released Parties.  In addition, Plaintiff
2 David Kinney shall also be deemed to be bound by a general release, as defined in the Settlement
3 Agreement.

4     8.    Neither the Settlement, nor any of the terms set forth in the Settlement
5 Agreement, is an admission by the Released Parties, nor is the Court's instant Order a finding of
6 the validity of any claims in the Lawsuit or of any wrongdoing by the Released Parties.

7     9.    This Order is intended to be a final disposition of the Lawsuit in its entirety, and
8 is intended to be immediately appealable.

9     10.    This Court shall retain jurisdiction with respect to all matters related to the
10 administration and consummation of the Settlement.

**IT IS SO ORDERED**

Dated: September 4, 2013

_____
Troy L. Nunley
United States District Judge

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**