1  Dylan Pollard, Esq., SBN 180306
   Matt C. Bailey, Esq. SBN 218685
2  Roxanna Tabatabaeepour, Esq., SBN 260187
   POLLARD | BAILEY
3  9701 Wilshire Blvd., 10th Floor
   Beverly Hills, CA 90212
4  Telephone: (310) 854-7650
   Facsimile:  (310) 492-9934
5
   *Attorneys for Plaintiff,*
6  *David Kinney*

7  SEYFARTH SHAW LLP
   Brian T. Ashe (SBN 139999)
8  560 Mission Street, 31st Floor
   San Francisco, CA 94105
9  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
10
   SEYFARTH SHAW LLP
11 Timothy B. Nelson (SBN 235279)
   400 Capitol Mall, Suite 2350
12 Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
13
   *Attorneys for Defendants, Holiday AL Management Sub LLC*
14 *dba Holiday Retirement (sued erroneously as Harvest AL Management Sub LLC),*
   *Harvest Management Sub LLC dba Holiday Retirement, and*
15 *Harvest Management Sub TRS Corp.*

16
                        UNITED STATES DISTRICT COURT
17                      EASTERN DISTRICT OF CALIFORNIA

18

19 DAVID KINNEY, on behalf of himself and          Case No.: 2:12-CV-02716-TLN-CKD
   all others similarly situated, the general
20 public, and as an "aggrieved employee"
   under the Labor Code Private Attorneys          **ORDER APPROVING SETTLEMENT OF**
21 General Act of 2004,                            **CLAIMS BROUGHT PURSUANT TO**
                                                   **THE *PRIVATE ATTORNEY GENERAL'S***
22                  Plaintiff,                     ***ACT OF 2004* AND DISMISSAL WITH**
                                                   **PREJUDICE**
23           vs.
                                                   **MODIFIED FROM ORIGINAL VERSION**
24 HARVEST AL MANAGEMENT SUB LLC,
   a Delaware Limited Liability Company d/b/a
25 Holiday Retirement, HARVEST
   MANAGEMENT SUB LLC, a Delaware
26 Limited Liability Company d/b/a Holiday
   Retirement, and DOES 1 through 50,
27 inclusive,

28                  Defendants.

---

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**

1    WHEREAS Plaintiff's Motion for an *Order Approving Settlement Of Claims Brought*

2 *Pursuant To The Private Attorney General's Act Of 2004 And Dismissal With Prejudice*

3 (hereinafter "the Order") came before this Court, and was submitted on the papers on August 30,

4 2013.

5    WHEREAS Plaintiff filed the instant Lawsuit against Defendants on behalf of the State

6 of California, pursuant to the Private Attorney General's Act of 2004 (*Cal. Labor Code §2698 et.*

7 *seq.*, hereafter "PAGA"), subsequent to giving written Notice to Defendants and the Labor and

8 Workforce Development Agency ("LWDA") as required by California Labor Code § 2699.3;

9    WHEREAS the operative Complaint in the Lawsuit contains a single claim for relief

10 under the PAGA based on an alleged violation of *California Labor Code § 204*, and seeks to

11 recover civil penalties under *California Labor Code § 210* for such alleged violations sustained

12 by all current and/or former non-exempt employees of Defendants within the State of California;

13    WHEREAS Defendants have denied and continue to deny all allegations by Plaintiff in

14 the Lawsuit;

15    WHEREAS the Parties desire to settle the Lawsuit solely for the purpose of avoiding

16 the burden, time, expense and uncertainty of continuing litigation, and for the purpose of

17 putting to rest the controversies engendered by the Lawsuit;

18    WHEREAS *California Labor Code § 2699*, *subpart l*, states that the "court shall review

19 and approve any penalties sought as part of a proposed settlement agreement pursuant to this

20 part";

21    WHEREAS the Court has reviewed and considered (**1**) the proposed Stipulation of

22 Settlement and Release, attached hereto as **Exhibit 1** (hereafter the "Settlement Agreement"), (**2**)

23 the Motion for Approval of PAGA Settlement (and the points and authorities submitted

24 therewith), and (**3**) the Motion for Approval of Plaintiff's Counsel's Attorneys' Fees, Costs and

25 Enhancement Payment to Plaintiff (and the points and authorities submitted therewith);

26    Based thereon, the Court HEREBY MAKES THE FOLLOWING FINDINGS:

27    1.    That all terms used herein shall have the same meaning as defined in the

28 Settlement Agreement.

1

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**

1      2.      That this Court has jurisdiction over the subject matter of the Lawsuit and over all

2   Parties to the Lawsuit.

3      3.      That the Settlement was entered into in good faith, that the Settlement is fair,

4   reasonable and adequate under the circumstances, and that Plaintiff, by and through his Counsel,

5   has satisfied the standards and applicable requirements for approval of a settlement of a claim

6   brought under the PAGA (Cal. Labor Code §2698 et. seq.).

7      GOOD CAUSE APPEARING, it is HEREBY ORDERED THAT:

8      1.      The terms of the Settlement Agreement are fair, adequate and reasonable, and

9   therefore, are given approval by the Court.

10      2.      Compensation to the LWDA and the Aggrieved Employees shall be effected

11   pursuant to the terms of the Settlement Agreement.

12      3.      In recognition of the Plaintiff's efforts, and having provided a more broad general

13   release of claims in the Settlement, the Court hereby approves the payment of an enhancement

14   award in the amount of $3,000, which shall be effected in the manner set forth in the Settlement

15   Agreement.

16      4.      The Court hereby approves the payment of attorneys' fees to Plaintiff's Counsel

17   in the sum of $218,750, and actual costs incurred, not to exceed $7,000, to be effected in the

18   manner set forth in the Settlement Agreement.

19      5.      The Court also hereby approves and orders payment in the amount of not more

20   than $7,370 to Dahl Administration for performance of its Settlement administration services

21      6.      Except as provided in the parties' settlement agreement, no less than $638,880,

22   will be allocated to the LWDA and to the Aggrieved Employees (allocated in the amount of

23   $479,160 to the LWDA, and $159,720 to Aggrieved Employees).

24      7.      Upon entry of this Order, all of the claims in the Lawsuit shall be and are hereby

25   dismissed with prejudice.   Moreover, the LWDA and each and every Aggrieved Employee,

26   including Plaintiff, shall be deemed and hereby are deemed to have conclusively released and

27   forever discharged the Released Parties for any and all Released Claims, as defined in the

28   Settlement Agreement, and are hereby permanently barred and enjoined from the institution or

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**

1   prosecution of any and all Released Claims against the Released Parties.  In addition, Plaintiff

2   David Kinney shall also be deemed to be bound by a general release, as defined in the Settlement

3   Agreement.

4          8.       Neither the Settlement, nor any of the terms set forth in the Settlement

5   Agreement, is an admission by the Released Parties, nor is the Court's instant Order a finding of

6   the validity of any claims in the Lawsuit or of any wrongdoing by the Released Parties.

7          9.       This Order is intended to be a final disposition of the Lawsuit in its entirety, and

8   is intended to be immediately appealable.

9          10.      This Court shall retain jurisdiction with respect to all matters related to the

10  administration and consummation of the Settlement.

11

12  **IT IS SO ORDERED**

13  Dated: September 4, 2013

14

15

16

17  _____

18  Troy L. Nunley
    United States District Judge

19

20

21

22

23

24

25

26

27

28

3

**ORDER APPROVING PAGA SETTLEMENT AND DISMISSAL WITH PREJUDICE**